**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MYKAL S. RYAN, | No. 12-57286 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-02054-LAB-NLS |
| v. | |
| PETER G. ZEMANIAN, 1 through 20, Inclusive; DOES, 1 through 20, Inclusive, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted July 22, 2014[**]

Before:     GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Mykal S. Ryan appeals pro se from the district court's judgment dismissing

his state law defamation action. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo the denial of partial summary judgment, *Balvage v. Ryderwood*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Improvement and Serv. Ass'n, Inc.*, 642 F.3d 765, 775 (9th Cir. 2011), and for an abuse of discretion the denial of leave to amend, *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009). We affirm.

The district court properly denied Ryan's motion for partial summary judgment because Ryan failed to meet his burden as the party moving for summary judgment to demonstrate that there was no genuine dispute as to any material fact and that he was entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986) (when party moving for summary judgment bears the burden of proof on an issue at trial, the party must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party).

The district court did not abuse its discretion in denying Ryan's request for leave to amend his complaint because amendment would have been futile. *See Gardner*, 563 F.3d at 990 ("A district court does not err in denying leave to amend where the amendment would be futile."); *see also* Cal. Civ. Code § 47(b) (codifying California's litigation privilege).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Ryan's request for sanctions, as set forth in his opening brief, is denied.

**AFFIRMED**.